IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN THE ESTATE OF | § | |
| DOROTHY JEAN VANDERBURG | § | 7:07-CV-048-R |

## RECOMMENDATION TO DISTRICT COURT

By Order dated March 29, 2007, the District Court referred to the undersigned the Notice of Removal in the above styled cause in recognition of the fact that it is related to and arises out of the consolidated Cause No. 7:02-CV-0291-KA, and the two cases subsequently consolidated therein: Nos. 7:03-CV-005 and 7:03-CV-008, all involving the death of Dorothy Jean Vanderburg. Incident to consideration of a pending Motion for Substitution, I have considered and reviewed the impact of the removal of this cause.

The District Court, on its own motion, may consider its own jurisdiction and the propriety of the removal and/or a remand, and need not await the filing of a motion for remand. *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993). Generally speaking, federal jurisdiction does not extend to matters strictly in probate or administrative in nature because they are statutory, involve proceedings *in rem* and do not belong within the general jurisdiction of the court of equity. *Marcum v. Allen,* 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256. Most recently, in*Marshal v. Marshal*, 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) (aka Anna Nicole Smith case), the Supreme Court revisited the "probate exception" stating:

> *Thus, the probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of the state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction. (p. 498)*

---

This removed action is a probate proceeding with respect to applications for letters of independent administration and determination of heirship. These matters are clearly within the province of the probate court. The *res*, that is, the wrongful death and survival actions arising from the death of Dorothy Jean Vanderburg have been pending before this Court since January 2003. Those causes have been referred to the Magistrate Judge for trial pursuant to the consent of all parties. A Memorandum and Order addressing the interplay between the consolidated cases and this removed action has been entered contemporaneously herewith.

Accordingly, I recommend that the District Court enter an order remanding this cause to the District Court of Montague County, Texas, whence it was removed.

**SIGNED** this 4th day of April, 2007.

_____
ROBERT K. ROACH
UNITED STATES MAGISTRATE JUDGE